NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

STATE OF ARIZONA, *Appellee,*

*v.*

RAMON DAMIEN LITTLETON, *Appellant.*

No. 1 CA-CR 24-0652
1 CA-CR 25-0256
(Consolidated)

FILED 02-04-2026

Appeal from the Superior Court in Maricopa County
No. CR2024-121996-001, CR2023-147539-001
The Honorable Geoffrey H. Fish, Judge

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Eric Knobloch
*Counsel for Appellee*

Maricopa County Public Defender's Office, Phoenix
By Aaron J. Moskowitz
*Counsel for Appellant*

## MEMORANDUM DECISION

Judge Anni Hill Foster delivered the decision of the Court, in which Presiding Judge James B. Morse Jr. and Judge Veronika Fabian joined.

**F O S T E R**, Judge:

¶1        Defendant, Ramon Damien Littleton, appeals his conviction for possession of dangerous drugs (methamphetamine), a class 4 felony. Littleton argues the prosecutor improperly referenced Littleton's act of walking away from officers to demonstrate guilt. He asserts that the prosecutor's statements violated his due process. He also argues the jury's size fell below the federal constitutional minimum for a serious felony offense. This Court affirms.

## FACTS[1] AND PROCEDURAL HISTORY

¶2        Officers arrested Littleton for possession of a dangerous drug, a class 4 felony. The arrest occurred after several police officers approached a group of people gathered on private property. As the officers approached, one officer noticed Littleton quickly turned and walked away. The officer followed Littleton and saw him drop a white object onto the ground and then walk back toward the group. Suspecting the white object to be drugs, the officer took Littleton into custody and directed a second officer pick up the object off the ground next to Littleton. When the officers opened the object, they discovered a white crystal substance later confirmed to be methamphetamine. A grand jury later indicted Littleton for possession of a dangerous drug, a class 4 felony.

¶3        As the parties prepared for trial, they agreed on two issues relevant to Littleton's appeal. They agreed that the maximum term of imprisonment Littleton could face with aggravating factors was 15 years. They also agreed that, given the charge, the jury panel size required eight jurors with one alternate. Without objection, at the final trial management conference, the court affirmed there would be eight jurors and an alternate.

---

[1] This Court "view[s] the evidence in the light most favorable to sustaining the jury's verdict and resolve[s] all reasonable inferences against the defendant." *State v. Fierro*, 254 Ariz. 35, 38, ¶ 2 (2022) (citation omitted).

¶4        During closing argument, the prosecutor discussed Littleton's action of quickly walking away from police. The prosecutor said:

> Now, [one o]fficer was on the other side of the street, and his job was to be there in case anybody from this group, once they saw the police officers, started to run away. [That o]fficer did, in fact, see somebody start to run away. He saw the defendant. He saw the defendant walking quickly down the street toward himself. And as he saw the defendant walking down the street, he saw him toss a white object, turn around and then walk back towards where the marked police officers were.
>
> . . .
>
> [Another o]fficer told you that he thought this was interesting because it doesn't make sense that a person would walk away from police, toss something, turn around and reengage with police. So [that o]fficer told you that at that moment, he's thinking that this guy may have something that we need to check out.
>
> . . .
>
> We also have circumstantial evidence. Circumstantial evidence, like we said, is -- are facts that indicate a different fact. So some of those would be the fact that the defendant fled, he walked away. Now, no, it's not a crime to walk away from police when you're not detained, but nobody else did that, only the defendant.

Defense counsel did not object to the prosecutor's statements nor did counsel respond to these statements during his closing argument.

¶5        The jury deliberated and convicted Littleton of possession of a dangerous drug. The court sentenced Littleton to a mitigated term of six years' imprisonment and credited him with 201 days of pre-incarceration credit. Littleton timely appealed. This Court has jurisdiction. Ariz. Const. art. 6, § 9; A.R.S. §§ 12-120.21(A)(1), 13-4031, -4033(A)(1).

**DISCUSSION**

**I.** **Overwhelming evidence supports Littleton's possession conviction.**

**¶6**         Littleton first appeals his conviction and sentence on the basis that the State violated his rights by "drawing an adverse inference of guilt" from his walking away from police. Because Littleton failed to raise the issue at trial, this Court reviews the prosecutor's statements for fundamental error. *State v. Murray*, 250 Ariz. 543, 548, ¶¶ 13–14 (2021). "Error is fundamental if it goes to the foundation of a case, takes away an essential right, or is so egregious that a defendant could not have received a fair trial." (citations omitted). *Id.* at ¶ 14. To succeed, Littleton must prove that "trial error exists" and that it is fundamental. *Id*. at ¶ 14–15. If Littleton establishes these elements, he must then show that the error prejudiced his case. *Id*. at ¶ 14.

**¶7**         Littleton argues the prosecutor wrongfully inferred Littleton's guilt by highlighting that he walked away from officers as they approached. Littleton claims that the Fourth Amendment provides him the right to walk away from officers and therefore the prosecutor's reference violated that right. But the Fourth Amendment prohibits unreasonable searches and seizures, and Littleton concedes that he was not seized. U.S. Const. amend. IV. Thus, Littleton's argument fails to persuade this Court that the prosecutor's statements violated a Fourth Amendment right.

**¶8**         But even assuming the State erred by drawing an adverse inference of guilt, Littleton cannot establish prejudice because overwhelming evidence supports his conviction. *State v. Ramos*, 235 Ariz. 230, 236, ¶ 18 (App. 2014) (citing *State v. Trostle*, 191 Ariz. 4, 16 (1997) ("If overwhelming evidence of guilt exists in the record, we may conclude that a defendant has failed to meet his burden of establishing prejudice from the impermissible comment.").

**¶9**         Here, the parties stipulated that the white object found was methamphetamine. Thus, the State needed to prove only that Littleton possessed the methamphetamine. A.R.S. § 13-3407. Body camera footage showed Littleton's actions before the officers contacted him. The footage showed Littleton walking away from police and within an arm's length of where police found the methamphetamine. Two officers testified Littleton walked away as soon as officers approached and that they saw him toss the white object later determined to be methamphetamine. Littleton admits all

these facts establish the elements of possession and that negative inferences of guilt can be drawn from these facts.

¶10 Based on these facts, Littleton cannot show prejudice and therefore cannot establish fundamental error.

## II. An eight-member jury in Arizona is constitutional.

¶11 Littleton also asserts the Sixth Amendment entitles him to a twelve-person jury because he was accused of a "serious offense" that implicated Sixth Amendment rights. Because an eight-person jury decided his case, Littleton concludes this Court should reverse the conviction and order a new trial in front of a twelve-person jury. Littleton advances this argument for the first time on appeal, therefore this Court reviews for fundamental error. *State v. Escalante*, 245 Ariz. 135, 140, ¶ 12 (2018). "Improper denial of a twelve-person jury is fundamental error that may provide a basis for relief even if not raised in the trial court." *State v. Kuck*, 212 Ariz. 232, 233, ¶ 8 (App. 2006).

¶12 The Sixth Amendment protects "the right to a speedy and public trial, by an impartial jury." U.S. Const. amend. VI. In *Williams v. Florida*, the United States Supreme Court considered whether the Sixth Amendment required a jury to consist of twelve jurors or a "lesser number." 399 U.S. 78, 86 (1970). The Supreme Court held that the Sixth Amendment did not require a state to provide twelve-person juries in all matters. *Id.* at 86, 103.

¶13 Arizona's Constitution only requires juries of twelve for "criminal cases in which a sentence of death or imprisonment for thirty years or more is authorized by law" but provides that "[i]n all other cases, the number of jurors . . . shall be specified by law." Ariz. Const. art. 2, § 23 (amended 1972). In accordance with this provision, the Legislature codified A.R.S. § 21-102, which provides for eight-person juries in those cases not addressed by the Constitution. A.R.S. § 21-102(B); *see State v. Soliz*, 223 Ariz. 116, 118, ¶¶ 6–7 (2009).

¶14 Before trial, Littleton agreed that the maximum sentence he could receive was 15 years' imprisonment. That is well below the thirty-year sentence threshold that requires a twelve-person jury. *See* Ariz. Const. art. 2, § 23; A.R.S. § 21-102(A). Accordingly, Littleton was not entitled to a twelve-person jury, and the trial court did not err. *Soliz*, 223 Ariz. at 118, ¶ 7 ("The legislature thus reserved the twelve-person jury only for the most serious offenses and measured seriousness by the potential sentence upon conviction.").

**¶15**     Littleton argues the United States Supreme Court impliedly overruled *Williams* in *Ramos v. Louisiana*, 590 U.S. 83 (2020). But *Ramos* addressed whether the Sixth Amendment required unanimous jury verdicts in criminal cases. 590 U.S. at 88.  It did not revisit the long history of precedent on a state's ability to provide for juries less than twelve. *See id.* at 88–111; *see also State v. Armendaris*, 259 Ariz. 454, 457, ¶ 17 (App. 2025), *petition for cert. filed*, (U.S. Jan. 9, 2026) (No. 25-6532) ("[N]othing in *Ramos* suggests the United States Supreme Court was abrogating the *Williams* holding regarding a 12-person jury." ).[2] Thus, Littleton's reliance of *Ramos* fails.

**CONCLUSION**

**¶16**     This Court affirms.



**MATTHEW J. MARTIN • Clerk of the Court**
**FILED**:          JR

---

[2] Other defendants have raised arguments similar to Littleton's in recent years. Each time, as this Court noted in *Armendaris*, the Arizona Supreme Court has declined to accept review of such arguments in unpublished memorandum decisions. 259 Ariz. at 456, ¶ 14 & n.1 (citing *State v. Jose*, 2 CA-CR 2023-0224, 2024 WL 2118759, at *3–4 (Ariz. App. May 10, 2024) (mem. decision) (review denied Dec. 13, 2024); *State v. Zamanzadeh*, 1 CA-CR 23-0080, 2024 WL 380014, at *1 (Ariz. App. Feb. 1, 2024) (mem. decision) (review denied Aug. 19, 2024); *State v. Richardson*, 1 CA-CR 22-0321, 2023 WL 5934909, at *1 (Ariz. App. Sept. 12, 2023) (mem. decision) (review denied June 3, 2024); *State v. Khorrami*, 1 CA-CR 20-0088, 2021 WL 3197499, at *8 (Ariz. App. July 29, 2021) (mem. decision) (review denied Feb. 8, 2022), *cert. denied*, *Khorrami v. Arizona*, 143 S. Ct. 22 (2022)).